IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:03-CR-65-FL
No. 4:11-CV-167-FL

| | |
|---|---|
| FRANKLIN SMITH, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 19), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The government filed a motion to dismiss (DE 29). The court held this matter in abeyance pending decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling. For the reasons stated below, the government's motion will be granted and this matter will be dismissed.

## BACKGROUND

Petitioner pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. On May 19, 2004, petitioner was sentenced to a term of 180 months imprisonment. In calculating petitioner's sentence, the court determined that petitioner was an armed career criminal pursuant to 18 U.S.C. § 924(e)(1), resulting in a mandatory minimum term of 180 months imprisonment. Petitioner appealed and on February 13, 2006, the court of appeals affirmed. On October 3, 2011, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255,

arguing that his sentence enhancement as an armed career criminal was erroneous in light of Simmons. The government contends in its motion to dismiss that petitioner's motion is untimely. In petitioner's supplemental brief, petitioner argues that his sentence enhancement was improper in light of Descamps v. United States, 133 S.Ct. 2276 (2013). In response to the supplemental brief, the government contends that petitioner's claims under Simmons and Descamps are both without merit.

## DISCUSSION

A. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner's motion is untimely under each prong of § 2255(f). It was filed more than one year after the judgment became final. There is no alleged impediment to making the motion created by governmental action. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. And, no new facts supporting the claims have been discovered. Miller does not change the conclusion that petitioner's

2

motion is untimely. See Miller, 735 F.3d at 143 (noting that government waived statute of limitations "which would normally bar Miller's motion as untimely"); United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255 Simmons motion as untimely).

Petitioner suggests that equitable tolling may be warranted, however, if his armed career criminal enhancement was imposed in error. But, petitioner's arguments as to the application of the enhancement are without merit. First, Simmons does not undermine the armed career criminal enhancement. The court determined that petitioner was an armed career criminal on the basis of four prior breaking or entering convictions and one prior conviction for aiding and abetting discharging a weapon into occupied property. (Presentence report ¶¶ 10, 11, 12, 13, 21). Each of these convictions qualifies as a "violent felony" under 18 U.S.C. § 924(e), because they are crimes punishable by imprisonment for a term exceeding one year, and they constitute burglary or otherwise involve conduct that presents a serious risk of physical injury to another. See Taylor v. United States, 495 U.S. 575, 600 (1990) (stating that an offense constitutes burglary for purposes of § 924(e) if the offense has "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime").

Petitioner suggests that one of his prior convictions was not a crime punishable by imprisonment for a term exceeding one year, because he was sentenced to a term of 10-12 months imprisonment. (DE 19-1 at 6). Simmons, however, requires the court to look not at the actual term of imprisonment imposed, but rather the maximum term of imprisonment that petitioner could have received, based on "the offense class, the offender's prior record level, and the applicability of the aggravated sentencing range." Simmons 649 F.3d at 247 n. 9. In any event, petitioner does not dispute that his remaining four predicate convictions were crimes punishable by imprisonment for

3

a term exceeding one year.

Petitioner suggests, rather, as he argued before the court at time of sentencing, that his prior convictions should not have been counted separately because several had been consolidated for judgment. But, this court already considered and rejected this argument at sentencing, recognizing that § 924(e)(1) only requires that the offenses must have been "committed on occasions different from one another." Finally, petitioner argues that <u>Descamps</u> should apply to invalidate the enhancement based on his burglary convictions, contending that <u>Descamps</u> has overruled <u>United States v. Thompson</u>, 588 F.3d 197, 202 (4th Cir. 2009). <u>Descamps</u>, however, does not alter the holding in <u>Thompson</u> that North Carolina convictions for breaking or entering categorically qualify as armed career criminal predicates. <u>See</u> <u>Thompson</u>, 588 F.3d at 202; <u>see</u> <u>also</u> <u>United States v. Terry</u>, No. 13-4124, 2013 WL 6570901 (4th Cir. Dec. 16, 2013) (stating that Descamps "does not affect our conclusion" in <u>Thompson</u>).

Accordingly, the court declines to apply equitable tolling and dismisses petitioner's motion as untimely.

B. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000).

After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

4

## CONCLUSION

For the foregoing reasons, the court GRANTS the government's motion to dismiss and DISMISSES petitioner's motion to vacate. A certificate of appealability is DENIED.

SO ORDERED, this 20th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge