IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:03-CR-65-FL
No. 4:11-CV-167-FL

| | |
|---|---|
| FRANKLIN SMITH, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter comes before the court on petitioner's March 17, 2014, motion to alter or amend judgment, pursuant to Federal Rule of Civil Procedure 59(e) (DE 43), requesting that the court reconsider its February 20, 2014, order dismissing petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. As the motion is a timely filed motion under Rule 59(e), the court considers the motion under the standard applicable to that rule. See United States v. Winestock, 340 F.3d 200, 203 n. 1 (4th Cir. 2003) (distinguishing motions under Rule 60(b), which must in some circumstances be converted to § 2255 motions, from motions under Rule 59(e)).

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478

F.3d 634, 637 (4th Cir. 2007). "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Petitioner fails to demonstrate an intervening change in controlling law, to present new evidence previously not available, or to show a clear error of law that would support granting his Rule 59(e) motion. Indeed, the court previously addressed the arguments raised by petitioner. For example, petitioner contends his prior convictions should not have counted as separate convictions for his armed career criminal enhancement because they were consolidated for judgment. While consolidation for judgment impacts counting of convictions for a guidelines career offender enhancement, see United States v. Davis, 720 F.3d 215 (4th Cir.2013), this rule "does not apply to the armed career criminal context," where petitioner's sentence was enhanced pursuant to 18 U.S.C. § 924(e). United States v. Benn, No. 12-4522, ___ F. App'x ___, 2014 WL 2109806 *12 (4th Cir. May 21, 2014).

Accordingly, petitioner's Rule 59(e) motion (DE 43) is DENIED.

SO ORDERED, this 3rd day of July, 2014.

*[signature: Louise W. Flanagan]*

_____
LOUISE W. FLANAGAN
United States District Judge

2